

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-80499-CIV-MIDDLEBROOKS/JOHNSON

MARY McMAHON,

    Plaintiff,
v.

CITY OF RIVIERA BEACH and JENNIFER
NUBIN, individually, and BEACH PLACE
2000, LTD., d/b/a DAYS INN-SINGER ISLAND,
a Florida limited partnership

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's, Beach Place 2000, LTD., d/b/a Days-Inn-Singer Island ("Beach Place"), Motion to Dismiss Counts VI, VII, and VIII of Plaintiff's Amended Complaint for Failure to State a Cause of Action [DE 15], filed on July 9, 2008. The Court has reviewed the record and is fully advised in the premises.

I.    Background

This case arises from the alleged wrongful arrest and battery of Plaintiff by Jennifer Nubin ("Nubin"), an off-duty police officer for the City of Riviera Beach ("Riviera Beach") employed by Beach Place to provide security at its hotel. In her amended complaint [DE 11], Plaintiff alleges that she was unlawfully arrested by Nubin, who tazered her twice during the arrest, which allegedly was made allegedly without a warrant or probable cause. Specifically, Plaintiff alleges: false arrest and imprisonment against Riviera Beach (Count I); battery against Riviera Beach (Count II); false arrest in violation of §1983 against Nubin (Count III); excessive use of force against Nubin (Count IV); violation of civil rights under § 1983 against Riviera Beach for its pattern of allowing its officers to use excessive force (Count V); negligence against

1

Beach Place (Count VI); false arrest and imprisonment against Beach Place (Count VII); battery against Beach Place (Count VIII); false arrest and imprisonment against Nubin (Count IX); and battery against Nubin (Count X).

II.     Standard of Review

A complaint should not be dismissed "for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts" that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957); *Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103, 104 (11th Cir. 1982). In deciding a motion to dismiss, a court can only examine the four corners of the complaint. *See Crowell v. Morgan Stanley Dean Witter Services, Co., Inc.*, 87 F.Supp.2d 1287 (S.D.Fla. 2000). Additionally, a court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). The threshold of sufficiency that a complaint must meet is exceedingly low. *Ancata v. Prison Health Servs. Inc.*, 769 F.2d 700, 703 (11th Cir. 1985); *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). However, while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atlantic Corp. v. Twombly, 127 U.S. 1955, 1959 (2007)(internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. Id.

III.    Legal Analysis

Beach Place brings this motion to dismiss the counts against it (Counts VI, VII, and VIII) arguing that under Florida law, Nubin's actions in the course of the arrest were not taken within

2

the scope of her employment with Beach Place. In support, Beach Place offers the cases <u>State v. Hartzog</u>, 575 So.2d 1328 (Fla. 1st DCA 1991); <u>Taylor v. State</u>, 410 So.2d 1358 (Fla. 1st DCA 1982); and <u>Hughes v. State</u>, 400 So.2d 533 (Fla. 1st DCA 1981). These three cases held that a defendant can be found guilty of battery of a law enforcement officer when detained/arrested by an off-duty officer who identified himself as an officer to the defendant. However, these cases are not dispositive on Beach Place's argument that Nubin was not acting within the scope of her employment in arresting Plaintiff.

Citing <u>Dean v. Rouillier</u>, 597 So.2d 961 (Fla. 5th DCA 1992), Beach Place alleges "it is clear under Florida law that where an off duty police officer working for a private employer is in the lawful exercise of police authority at the time that an alleged assault and battery takes place - for example, when making an arrest - the officer is deemed to be engaged in his or her duties as a police officer and not under control of the private employer." [DE 15, p. 4]. Beach Place's reliance on this case is misplaced. In <u>Dean</u>, the plaintiff, a motorcyclist, was injured at the intersection of a public road and a private road owned by a corporation. The corporation had hired an auxiliary deputy sheriff to direct traffic at the intersection. The injured motorcyclist brought an action against the corporation and the Sheriff's Office, and the trial court granted the corporation's motion for a directed verdict, ruling that the police power given the Sheriff is nondelegable, therefore, as a matter of law, the auxiliary deputy was not an employee or agent of the corporation. <u>Id</u>. at 962. The appeals court affirmed, stating that the Sheriff's Office has the vested authority to enforce all the traffic laws of the state on all state streets and highways, and that the auxiliary sheriff "was engaged in the exercise of a nondelegable police power in his activity directing traffic on the public highway." <u>Id</u>.

In this case, Beach Place relies on part of the *Dean* court's dicta, which states:

3

> The courts generally recognize ... that the private employer will be relieved from liability for the acts of a commissioned police officer in his official capacity, although he has paid such officers for services in and about the employer's property; and that the fact that the special police officer was commissioned as such by the state protects his private employer from liability for his acts, so far as in any particular case his acts may fairly be regarded as having been performed in his official capacity, rather than simply in behalf of his private employer.

Dean, 597 So.2d at 963.

However, Beach Place does not allege that Nubin was performing a nondelegable duty, and the Dean court distinguished the facts of its case from two other Florida cases whose facts more closely resemble those of the case at hand: Cirou v. Basler, 432 So.2d 628 (Fla. 3d DCA 1983) and McWain v. Greyhound Lines, Inc., 357 So.2d 780 (Fla. 3d DCA 1978). In Cirou, the court determined that in an action alleging battery by a police officer during an arrest, when there was evidence that the officer was an employee of a private corporation who may be vicariously responsible for the officer's conduct, the agency question is ordinarily determined by the jury as an issue of fact. 432 So.2d at 629. Similarly, in McWain, in an action for assault following an arrest by an officer acting as a security guard for a private corporation, whether the officer was acting in a capacity as an employee for the private corporation so as to make the private corporation liable for the officer's acts is a question to be determined by a jury. 357 So.2d at 781.

Given the allegations in the amended complaint regarding the arrest/detention of Plaintiff by an off-duty police officer hired to provide security at the hotel, per Cirou and McWain, the issue of whether Nubin was acting in her capacity as an employee of Beach Place or as an employee of Riviera Beach cannot be resolved as a matter of law on a motion to dismiss.

Beach Place further argues that Plaintiff's incorporates paragraphs 2, 6, and 7 of the amended complaint into the counts against Beach Place, which allege that Nubin was acting under color of law at the time of her arrest, precludes her claim that Nubin was acting as an agent

4

for Beach Place.[1] The allegation in paragraph 6, that Nubin "is or was employed as a Police Officer by Defendant, RB" is not contrary to what is alleged against Beach Place, nor is it internally inconsistent with the allegations against Beach Place. However, in each of the three counts against Beach Place, Plaintiff incorporated paragraph 7, which alleges that "NUBIN's acts were performed under the color of the statutes and ordinances of the State of Florida and [Riviera Beach]." Rule 8(a)(3) allows a pleading to demand "relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). However, when reviewing a motion to dismiss, a court is not required to "accept factual claims that are internally inconsistent," <u>Campos v. Immigration & Naturalization Serv.</u>, 32 F.Supp.2d 1337, 1343 (S.D.Fla. 1998). I find the incorporation of the allegations in paragraph 7 of the amended complaint inconsistent with the allegations against Beach Place, and therefore fatal to the three counts against Beach Place. Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss [DE 15] is GRANTED. Counts VI, VII, and VIII of Plaintiff's amended complaint [DE 11] are DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file a second amended complaint by **September 10, 2008**.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 27 day of August, 2008.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to counsel of record

---

[1] Beach Place mistakenly states that Plaintiff alleges that Nubin was acting "in her official capacity as a Police Officer of the City of Riviera Beach" in paragraph 2 of the amended complaint. While this language was in the complaint [DE 1], it is wholly absent from paragraph 2 of the amended complaint [DE 11].